# EXHIBIT A



# Notice of Service of Process

**ASE / ALL**
**Transmittal Number: 30376706**
**Date Processed: 12/04/2024**

| | |
|---|---|
| **Primary Contact:** | Tara Sample<br>Whirlpool Corporation<br>2000 N M 63<br>Benton Harbor, MI 49022-2632 |

| | |
|---|---|
| **Entity:** | Whirlpool Corporation<br>Entity ID Number 2580391 |
| **Entity Served:** | Whirlpool Corporation |
| **Title of Action:** | Virginia Poe Chaney vs. Whirlpool Corporation |
| **Matter Name/ID:** | Virginia Poe Chaney vs. Whirlpool Corporation (16595247) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Pittsylvania County Circuit Court, VA |
| **Case/Reference No:** | 143CL24000040-00 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 12/03/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Williams & Light<br>434-793-4912 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# COMMONWEALTH OF VIRGINIA



PITTSYLVANIA CIRCUIT COURT
Civil Division
1 N MAIN ST/DRAWER 31
CHATHAM  VA  24531
(434) 432-7891

Summons

To: WHIRLPOOL CORPORATION
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP, FLOOR 2
RICHMOND VA 23219

Case No. 143CL24000040-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, November 22, 2024

Clerk of Court: ANGIE R HARRIS

by _____
                    (CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    WILLIAMS, MARK T
317 PATTON STREET
DANVILLE VA 24541

VIRGINIA: IN THE CIRCUIT COURT OF PITTSYLVANIA COUNTY

VIRGINIA POE CHANEY,
                     Plaintiff

v.

WHIRLPOOL CORPORATION

and
                                       CASE NO. 2400004G·OC

LOWE'S HOME CENTERS L.L.C.
                     Defendants

### CIVIL COMPLAINT

Plaintiff, by counsel, moves the Court for judgment against the Defendants, jointly and severally, in the amount and for the reasons set forth below.

### STATEMENT OF FACTS APPLICABLE TO ALL COUNTS FOLLOWING

1.     Plaintiff is a resident of Pittsylvania County, Virginia.

2.     Whirlpool Corporation (Whirlpool), is a foreign corporation, doing business in Virginia; and manufactures, sells and places in the stream of commerce, for sale to individual consumers, home appliances such as, but not limited to, dishwashers.

3.     Lowe's Home Centers, (Lowes), is a limited liability company which owns and operates a place of business within the city limits of the City of Danville where it displays and sells, to the public, home improvement items and appliances, including appliances manufactured by the Defendant Whirlpool.

4.     On or about October 17, 2020, Plaintiff entered the Danville store owned and operated by the Defendant Lowe's. While in the store, Plaintiff purchased a dishwasher, from Lowes, manufactured by the Defendant Whirlpool.

5.     Plaintiff's purchase included delivery of the dishwasher, to her home.

6.     Plaintiff was, at no time, involved in the design, manufacture, sale by Whirlpool to Lowes, or the delivery of the dishwasher described in Paragraph 4.

7.     Plaintiff, at all times, depended upon the skill, knowledge and expertise of the Defendants to properly design, manufacture, offer for sale and deliver in a safe and acceptable manner, their products, and in particular the dishwasher. Plaintiff further depended upon the Defendants, and in particular the Defendant Whirlpool, to provide warnings of defects or other problems of which the Defendants were aware or reasonably should have been aware.

Filed In the Clerk's Office of the Circuit Court of Pittsylvania County the 16 day of ___ 20__ at 10:12 (am)pm. Angie R. Harris, Clerk By: ___ Deputy Clerk

8. On January 25, 2022, Plaintiff entered the kitchen of her home, in which the dishwasher had been installed and operated.

9. Unbeknownst to the Plaintiff, the dishwasher had leaked water onto the kitchen floor.

10. Plaintiff was unaware of the water, stepped into it, slipped and fell.

11. The fall caused a severe, open fracture of Plaintiff's right knee which required surgical repair and ultimately, replacement with an artificial joint.

12. Subsequent to the fall and injury, Plaintiff received a form letter from Whirlpool Corporation, sent by its agent, (Exhibit A), warning of a defect in the dishwasher which could cause it to leak water.

## COUNT 1

### NEGLIGENT DESIGN (Whirlpool)

13. At the time of the design of the dishwasher, Whirlpool was aware, or reasonably should have been aware that leakage of water from a consumer appliance product would create a hazardous condition and would pose a substantial risk of injury to the purchaser and/or ultimate user.

14. Whirlpool was under a duty to design an appliance free from leaks and free from defects which could lead to leaks, over the expected lifetime of the dishwasher.

15. Whirlpool negligently breached its duty and designed a dishwasher with defects that would lead to leakage of water from the appliance during normal operation and use.

## COUNT 2

### NEGLIGENT MANUFACTURE (Whirlpool)

16. At the time of manufacture of the dishwasher, Whirlpool was aware or reasonably should have been aware that an appliance containing a manufacturing defect resulting in leakage of water from its appliance, onto the floor would create a hazardous condition which would pose a substantial risk of injury to the purchaser and/or ultimate user.

17. Whirlpool was under a duty to manufacture a product that was reasonably safe for consumer use and which was free from defects in design or manufacture which would cause or lead to water leaks over its expected lifetime.

18.    Whirlpool negligently breached its duty and manufactured; and placed in the stream of commerce for sale to consumers, a dishwasher which contained defects of design and/or manufacture which would lead to leakage of water during normal operation and use.

## COUNT 3

## NEGLIGENT FAILURE TO WARN (Whirlpool)

19.    Whirlpool designed, manufactured, and placed in the stream of commerce, for ultimate sale to individual consumers, a defective product which it knew or reasonably should have known would leak water in normal usage during its expected lifetime.

20.    Whirlpool was under a duty to warn purchasers and known users of the product in a timely and adequate manner of the existence and nature of the defect or defects, the hazards which they posed and steps which the purchasers or users could take to minimize or eliminate the risks of injury.

21.    Whirlpool negligently failed to provide any warning or information to consumers and in particular the Plaintiff, until after she was injured by the water leak and, the warning ultimately provided was so general and vague as to inadequate.

22.    Lowe's, as the ultimate seller of the dishwasher to the general public was aware of reasonably should have been aware that the dishwasher contained defects that would cause leakage of the water in normal usage.

23.    Lowe's was under a duty to warn purchasers, and in particular the Plaintiff, that the dishwasher was subject to leaking water and causing a hazardous condition in Plaintiff's home.

24.    Lowe's negligently failed to warn Plaintiff, either before or after the purchase, of the leakage or of steps that she might take to protect herself from injury.

## COUNT 4

## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY (Whirlpool & Lowes)

25.    By manufacture and placement of the dishwasher in the stream of commerce Whirlpool warranted that the appliance was of merchantable quality; free from defects which would render it unsafe and that it would pass without objection in the trade.

26. By offering the dishwasher for sale to the general public and its sale to the Plaintiff, Lowe's warranted that the dishwasher was of merchantable quality, free of defects which would render it unsafe and that it would pass without objection in the trade.

27. Whirlpool and Lowe's breached their warranties of merchantability by the sale of a defective dishwasher to the Plaintiff.

## COUNT 5

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PURPOSE (Whirlpool & Lowes)

28. By manufacture and placement of the dishwasher in the stream of commerce Whirlpool warranted that the appliance was fit for the intended purpose of safely containing water and detergent and washing dishes in a consumer's household; and that the use and operation of the dishwasher would not create any hazardous or dangerous condition in the user's home.

29. By offering to the general public; and by selling the dishwasher to the Plaintiff, Lowe's warranted that the appliance was fit for the intended purpose of safely containing water and detergent and washing dishes in a consumer's household; and that the use and operation of the dishwasher would not create any hazardous or dangerous condition in the user's home.

30. Whirlpool and Lowe's breached their warranties of fitness for purpose by the sale of a defective dishwasher to the Plaintiff.

## COUNT 6

## BREACH OF VIRGINIA CONSUMER PROTECTION ACT (Whirlpool and Lowes)

31. That by manufacture and placement of the dishwasher in the stream of commerce, Whirlpool is a supplier under Virginia Code Section 59.1-198.

32. That by offering the dishwasher for sale to the general public and its sale to the Plaintiff, Lowe's is a supplier under Virginia Code Section 59.1-198.

33. That by negligently misrepresenting that the dishwasher was free from defects which would render it unsafe and that it would pass without objection in the trade, each defendant violated Virginia Code Section 59.1-200(A) and (5) and (6), and the Plaintiff is entitled to actual damages under Virginia Code Section 59.1-204(A), including attorney fees and court costs.

## AS TO ALL COUNTS PRECEDING

34.  As a direct and proximate result of the negligence and breaches of warranty, Plaintiff was severely and permanently injured.

35.  As a result of the injuries Plaintiff sustained serious and permanent injuries; has incurred and will continue to incur medical expenses in an attempt to be cured and for rehabilitation; has been permanently impaired and rendered less able to carry out the activities of daily living, including self-care; has been rendered less able to walk and move her body; has suffered and will continue to suffer severe physical and mental pain; has sustained permanent disability, and deformity; and will incur in the future hospital, doctors', and related bills in an effort to be cured of said injuries; has incurred and will continue to incur other losses.

For the foregoing reasons, Plaintiff moves the Court for judgment against the Defendants, jointly and severally, in the amount of two million, five hundred dollars ($2,500,000) with interest thereon at the judgment rate from January 25, 2022, until paid, any allowable attorney's fees, and for her costs and expenses incurred.

Trial by jury is demanded.

Respectfully submitted

VIRGINIA POE CHANEY

By counsel

Counsel:

WILLIAMS & LIGHT
317 Patton Street
Danville, Virginia 24541
434 793-4912
434 454-3047 (fax)

By _Mark T. Williams_

Mark T. Williams (VSB# 29319)